Casey, Ch. J.,
delivered tbe opinion of tbe court:
Tbe claimant is a colored man residing in tbe city of Charleston, South Carolina. He alleges tbat in tbe month of April, 1865, be was tbe owner of twelve bales of upland cotton, and avers tbat such cotton was seized and sold by tbe United States and tbe proceeds paid into tbe Treasury of tbe United States. He brings bis action under tbe third section of tbe act of 12th March, 1863, to recover these proceeds. He avers tbat be has always borne true allegiance to tbe government of tbe United States, and has never given any aid or comfort or encouragement to any rebellion against tbat government.
Tbe ownership of tbe property is very distinctly proved. It was bought by tbe claimant in 1863, and stored upon bis farm, covered over witb bay to conceal it from tbe Confederate forces. Its capture is also distinctly proved, and tbat it was turned over to tbe agents of tbe United States, and witb a large amount of other cotton from Charleston shipped to New York to tbe United States cotton agent there, where it was sold and tbe net proceeds paid into tbe Treasury of tbe United States.
Tbe claimant proves by persons who knew him well and saw-him frequently, tbat during tbe whole period of tbe war be was engaged in bis occupation of a farmer, and tbat be gave no aid or comfort to tbe rebellion or to those engaged in it; though tbe special counsel of tbe United States objects tbat tbe proof of bis loyalty does not come up to tbe requirements of tbe act of Congress of June 25,1868, § 3.
*471 We think that according to the construction of those acts, as determined by the court in the case of Henry Grossmeyer, his proof is sufficient.
In addition to the general character of the claimant for loyalty, as proved in the record, there is another fact which raises a strong presumption in his favor. He is a negro. Dr. Mackey, himself a conspicuous Union man, says he never knew one of his race that was really disloyal to tbe United States. Though belonging to this oppressed and degraded race, he knew that their emancipation was unalterably linked with the triumph of the national cause. He knew as well that the success of the rebellion would be their indefinite enslavement. So far as opportunity permitted, it is matter of fact and of history that all of the race, with rare exceptions, were the firm friends and adherents of the United States. The evidence shows that he was not one of those exceptions.
Taking all the evidence together, and the presumptions that arise from his general good standing as a loyal man, and also from his race, as well as the absence of anything to cast the least suspicion upon his adherence and allegiance to theUnited States, we think he meets the requirements of the acts of Congress.
His claim was preferred to this court on the 5th day of October, A. D. 1867, less than two years from and after the suppression of the rebellion, as decided by the court in the case of Henry Grossmeyer v. The United States. The claim is therefore not barred by the limitation of the third section of the act of March 12,1863.
He has proved that he was the owner of twelve bales of upland cotton, the net proceeds of which amounted to the sum of fifteen hundred and seventy-four dollars and forty cents, and for this sum we render a judgment in his favor, ($1,574 40.)